UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DOUGLAS FELLER; JEFFRY HEISE; and JOSEPH MULL, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>ALLIANCE ENTERTAINMENT, LLC; and DIRECTTOU, LLC D/B/A COLLECTORS' CHOICE MUSIC, CRITICS' CHOICE VIDEO, MOVIES UNLIMITED, DEEPDISCOUNT, AND WOW HD,<br><br>     Defendant. | Case No. 0:24-cv-61444 |

**UNOPPOSED MOTION TO ENLARGE CASE MANAGEMENT DEADLINES**

Plaintiffs Douglas Feller, Jeffry Heise, and Joseph Mull respectfully file this unopposed motion for enlargement of the case management deadlines set forth in the Order Setting Trial (ECF No. 27) ("the Trial Order") and state as follows:

**FACTUAL BACKGROUND**

This putative class action alleges a violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. Plaintiffs seek to represent two classes of consumers who purchased prerecorded video products from Defendants and as a result of those purchases, had their "personally identifiable information," 18 U.S.C. § 2710(a)(3), disclosed by Defendants in violation of the VPPA.

Plaintiffs filed this action on August 8, 2024. (ECF No. 1). The Court entered the Trial Order on September 11, 2024. (ECF No. 27). The Trial Order sets the deadline for amendment of pleadings on October 22, 2024, a jury trial on October 16, 2025, and all other

deadlines accordingly. (*Id.*). The instant motion seeks a 60-day enlargement of the amendment of the pleadings deadline and a 30-day enlargement of all other deadlines, including the trial date.

The enlargement is sought because on September 17, 2024, the parties agreed to an early, pre-discovery mediation at the inception of the case. The Parties agreed to mediate before the Honorable James F. Holderman (ret.) and on October 10, 2024, the parties attended a day-long, pre-discovery mediation before Judge Holderman. The case did not settle.

About one month before the mediation, September 12, 2024, Plaintiffs propounded their first set of discovery requests on Defendants consisting of interrogatories and requests for productions. On September 13, 2024, Plaintiffs noticed Defendants' corporate representatives' depositions. However, in the interest of conserving party resources and consistent with Fed. R Civ. P. 1, the parties agreed to pause discovery from September 17, 2024 until October 10, 2024, the date of the mediation. Further, based on the pending mediation, Plaintiffs agreed to a 21-day enlargement of time through November 1, 2024 for Defendants' responses to the Complaint, which the Court granted. (ECF No. 30).

As noted, the agreed discovery pause ceased on October 10, 2024 when the case did not settle at mediation. Presently, Defendants' responses to Plaintiffs' outstanding discovery requests are due on November 4, 2024, approximately two weeks after the current amendment of pleadings deadline of October 22, 2024. Also, Defendants' deadline to file its responsive pleading falls on November 1, 2024, which is after the current October 22, 2024 deadline for amendment of the pleadings. Whether Plaintiffs will elect to amend the Complaint depends on Defendants' responses to the Complaint and to Plaintiffs' initial discovery requests. Accordingly, Plaintiffs seek a 60-day enlargement of the amendment of pleadings deadline, and also seek a 30-day enlargement of all other deadlines in the Trial Order.

# ARGUMENT

Federal Rule of Civil Procedure 16(b)(3)(A) requires district courts to issue a scheduling order in all cases that sets the deadline by which the parties must complete discovery. Modification requires a showing of good cause and the Court's consent. Fed. R. Civ. P. 16(b)(4). Rule 16's good cause standard requires a party seeking an amendment to a scheduling order to demonstrate that "the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1233 (11th Cir. 2008). As a starting point, the key to a movant's request for either a continuance of the trial or a modification of the scheduling order deadlines is a showing of diligence. *Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990) (recognizing diligence as one of the factors to be considered in a motion for a continuance).

Here, the Plaintiffs' request to enlarge the trial schedule and all other deadlines by 30 days and to enlarge the deadline for amendment of pleadings by 60 days is necessitated by the Parties' decision to pause early-stage discovery in the hopes of conserving party resources and in a good faith attempt to resolve this case through mediation, which, though ultimately unsuccessful, did occur on October 10, 2024. As soon as the mediation concluded, the parties agreed the tolling period on discovery responses was lifted, that Defendants' responses to Plaintiffs' discovery would be due on November 4, 2024, and that Plaintiffs' responses would be due November 11, 2024.

As it stands, the Trial Order requires Plaintiffs to file their motion for class certification on February 4, 2025, approximately four months and three weeks from the date the Trial Order was issued. In this case, class certification discovery will require party and non-party discovery. For example, in *Martinez, et. al. v. D2C, LLC*, Case No. 1:23-cv-21934-RNS, 2024 WL 4367406, at *6 (S.D. Fla. Oct. 1, 2024), a VPPA action alleging VPPA-violative disclosures of personally

3

identifying information by use of the Meta Pixel (the same technology at issue here), Judge Scola denied class certification finding the plaintiffs failed to establish numerosity and concluded there was:

> (1) no supportable way of guessing how many [putative class members] were also using the same device on which they were logged in to their Facebook account as they used to access the [defendant's] video[s]; (2) no non-speculative basis for estimating how many of those subscribers were also logged into their Facebook account on the same web browser through which they accessed [defendant's] video[s]; and then, (3) no meaningful way of surmising how many of those had not deployed any one of several mechanisms that would have blocked the Pixel.

Plaintiffs believe that here each of these questions could be easily answered by reference to Meta's records concerning information Meta obtained from class members' purchases of prerecorded video products from Defendants' websites.[1] Meta, however, has not willingly produced such information in VPPA pixel litigation. *See e.g. Stark v. Meta Platforms, Inc.,* Case No. 3:23-mc-80326-JCS (N.D. Cal. Dec. 13, 2023) (subpoena enforcement action brought against Meta by putative class representative in VPPA action); *Martinez v. Meta Platforms, Inc.,* Case No. 5:24-MC-80059 (N.D. Cal. Mar. 12, 2024) (same). Should Plaintiffs encounter similar roadblocks, time will be of the essence to obtain the necessary discovery from Meta to meet the Court's schedule. Hence, Plaintiffs seek a 30-day concomitant enlargement of the case management schedule to recover time sacrificed to pursue early resolution of the action.[2]

---

[1] Under Fed. R Civ. P. 41(a)(4), on October 14, 2024, Plaintiffs served Defendants with a copy of the subpoena to be served on Meta.

[2] Further, unlike other VPPA cases, this case stands differently because it also implicates Defendants' VPPA-violative disclosures to third parties in the data brokerage industry in the form of the sale, rental, exchange, and transfer of its customers' private identifying information. The Complaint provides one such example of a list Defendants were alleged to have made available for sale to third parties on the website Nextmark.com. *See* Comp. ¶ 68. As a result, this case will involve discovery taken from multiple third parties.

Plaintiffs have demonstrated diligence thus far.  Plaintiffs propounded initial discovery requests the day after the Court issued the Trial Order, served Defendants with a 30(b)(6) deposition subpoena to occur on November 15, 2024, and only halted their efforts to proceed with discovery for the purpose of making a good faith attempt to resolve the dispute at mediation.[3]  For these reasons, the Court should grant the Plaintiffs' request to enlarge all dates apart from the pleadings amendment date by 30-days.

With respect to the pleadings amendment date, Plaintiffs are seeking a 60-day enlargement to December 22, 2024, because Plaintiffs must evaluate Defendants' response to the Complaint, the forthcoming documents responsive to Plaintiffs' initial discovery requests due on November 4, 2024, and the information divulged at the Rule 30(b)(6) deposition of Alliance Entertainment, LLC and DirectToU, LLC's corporate representative(s), to determine whether an amendment to the Complaint is warranted.  Specifically, this information will determine whether additional parties should be added.  And though ultimately Fed. R. Civ. P. 15 directs courts to grant leave to amend a complaint "when justice so requires," Fed. R. 16(b)'s "good cause" standard applies to requests made after the pleading amendment deadline has lapsed.  *See Kendall v. Thaxton Rd. LLC,* 443 F. App'x 388, 393 (11th Cir. 2011).  Plaintiffs seek to avoid making a request after the pleadings amendment deadline has passed and to minimize any claim by Defendants of undue delay or prejudice, by making any amendment to the Complaint by December 22, 2024. If the 30-day enlargement of deadlines sought herein is granted, that leaves approximately six weeks from the filing of the amended complaint to complete class certification discovery and more than seven months to complete merits and expert discovery.  Plaintiffs have

---

[3] Plaintiffs have advised Defendant that Plaintiffs will seek to take a Rule 30(b)(6) deposition in the first week of December because of the agreed discovery pause and the fact that Plaintiffs will not have received documents responsive to discovery requests with sufficient time.

5

met Rule 16's good cause standard such that the modifications to the Trial Order sought herein should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court modify the Trial Order by enlarging the pleadings amendment deadline by 60 days to December 22, 2024, and all other deadlines, including the trial date, by 30 days.

## S.D. Fla. L.R. 7.1(3) CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Defendants in writing October 11 and October 14, 2024, regarding the relief sought by this Motion and Defendants advised they do not oppose such relief.

Date: <u>October 14, 2024</u>                                              Respectfully submitted,

                                                                          **HEDIN LLP**

                                                                          <u>/s/ Arun G. Ravindran</u>
                                                                          Arun G. Ravindran (FBN: 66247)
                                                                          1395 Brickell Ave, Suite 610
                                                                          Miami, Florida 33131
                                                                          Telephone: (305) 357-2107
                                                                          Facsimile: (305) 200-8801
                                                                          E-Mail: Aravindran@hedinllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification of such filing to all parties of record.

/s/ *Arun G. Ravindran*