IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

DOUGLAS FELLER; JEFFRY HEISE;
JOSEPH MULL, individually and on behalf
of all others similarly situated,

    Plaintiffs,

v.

ALLIANCE ENTERTAINMENT, LLC;
et al.,

    Defendants.

Case No. 0:24-cv-61444-RAR

Hon. Rodolfo A. Ruiz II

## DEFENDANTS' EXPEDITED MOTION TO STAY PENDING PRELIMINARY APPROVAL AND SUPPORTING MEMORANDUM OF LAW

Defendants Alliance Entertainment, LLC ("Alliance") and DirectToU, LLC ("DirectToU") (collectively, "Defendants"), hereby move to stay this case in its entirety for 120 days so that a class settlement which was fully executed yesterday in a putative class action lawsuit pending in the United States District Court for the Northern District of California, titled *Jonathan Hoang To v. DirectToU, LLC*, No. 3:24-cv-06447 (N.D. Cal.) ("*Hoang To* Action"), may proceed through the preliminary approval, notice, and final approval process. The settlement reached in the *Hoang To* action would, if approved by the Court, cover all claims asserted in this case. A stay of this case will preserve judicial resources, prevent needless duplication of effort and the risk of inconsistent judgments, and avoid hardship on Defendants. Defendants request an expedited ruling by October 31, 2024 because the plaintiff in the *Hoang To* Action anticipates filing for preliminary approval early next week after the conclusion of a religious holiday, and Defendants' response to the Complaint in this case is due November 1, 2024 and its responses to Plaintiff's discovery requests are due November 1, 2024.

## BACKGROUND

Plaintiffs Douglas Feller, Jeffry Heise, and Joseph Mull filed their complaint in the instant action, asserting a violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710 *et seq*. The parties participated in a mediation on October 10, 2024 but were unable to resolve the matter. (*See* ECF No. 35; *see also id.* at Ex. A ("As we progressed, it became clear that each Side's assessment of the case is so different from the other Side's assessment . . . .").) .

Plaintiff Jonathan Hoang To filed a similar but broader action in the Superior Court of California, County of Alameda, later removed to the Northern District of California, asserting a violation of the VPPA, as well as violations of California's state analog to the VPPA, Cal. Civ. Code § 1799.3 and California's Business & Professional Code § 17200 *et seq*. The parties in the *Hoang To* Action have negotiated a settlement which resulted in a fully executed agreement on October 23, 2024, and Defendant understands that a motion for preliminary approval of the proposed settlement will be filed early next week after the conclusion of a religious holiday.

## ARGUMENT

This Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). A stay "may be warranted where a pending decision in another court would 'have a substantial or controlling effect on the claims and issues in the stayed case.'" *Robinson v. Nationstar Mortg., LLC*, 220 F. Supp. 3d 1353, 1355 (S.D. Ga. 2016) (quoting *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)). In evaluating a stay, the movant bears the burden of showing either "a clear case of hardship or inequity" if the case proceeds, or little possibility the stay will harm others. *Landis*, 299 U.S. at 255.

First, this case should be stayed to await the Court approval process of the settlement. Defendant anticipates the motion for preliminary approval will be filed in the Northern District of California early next week, and the settlement agreement contemplates that a final approval hearing will be held approximately 100 days after the motion for preliminary approval. A brief stay is appropriate and warranted because the settlement in the *Hoang To* Action covers all claims that are asserted in this case *(i.e.*, claims against Defendants for alleged violation of the VPPA, 18 U.S.C. § 2710 *et seq*), in addition to claims for alleged violation of California's state analog to the VPPA, Cal. Civ. Code § 1799.3, and California's Business & Professional Code § 17200 *et seq*. *See, e.g.*, *Ferrari v. N. Am. Credit Servs., Inc.*, 585 F. Supp. 3d 1334, 1337–38 (M.D. Fla. 2022) (recognizing a stay must be of "limited" and "moderate length" and granting a stay that would expire shortly after an appeal was resolved.). Thus, a judgment in that case would have obvious and dispositive relevance to the proceedings here, and if the settlement is approved, the settlement will cover, provide relief to, and resolve the claims in this action filed by Plaintiffs and the putative class they seek to represent against Defendants. *Cf. Ferrari*, 585 F. Supp. 3d at 1336 (granting a stay where "[t]he Eleventh Circuit's decision . . . will address whether individuals have Article III standing to sue for violations of § 1692c(b), the very claim Ferrari brings here.").

Second, Defendants will suffer significant hardship or inequity if this case proceeds because, without a brief stay, Defendants will waste resources if forced to litigate a case on behalf of the same putative class, including expending resources briefing a motion to dismiss, preparing and reviewing discovery responses, and taking and defending depositions. Indeed, under the current scheduling order, expert discovery, class discovery, and class certification briefing, which are all very expensive and time-consuming components of a case, are scheduled to occur within the timeframe of the anticipated settlement notice and approval process in the *Hoang To* Action.

(ECF No. 27 (setting expert disclosures due December 3, 2024, class certification discovery to close January 7, 2025, and class certification briefing to begin February 4, 2024). Additionally, if approved, the settlement in *Hoang To* will impact standing issues in this case, since the *Hoang To* settlement is expected the release the claims of all putative class members in this case. The orderly course of justice also favors granting a limited stay, which would allow the court to refrain from unnecessarily expending resources reviewing and adjudicating Defendants' forthcoming motion to dismiss, due to be filed on November 1, 2024, (ECF No. 30), as well as adjudicating any discovery disputes that may arise between the parties and any motion for class certification. . There is also risk of inconsistent judgments when there will be a settlement pending on behalf of all of the claims asserted in this case, so any rulings in this case could be inconsistent with that settlement. Further, because the putative class in this action is subsumed in the *Hoang To* settlement, a stay prevents needless duplication of efforts.

Additionally, because Plaintiff has served third-party document production and deposition subpoenas, a stay would allow these third parties to avoid expending potentially unnecessary resources responding to these requests.

Finally, a stay promotes the Court's and the parties' interests in the sensible and efficient resolution of this case. It makes little sense for the parties and the Court to devote significant time and resources at this point where no responsive pleading has been filed and discovery is in its early stages. The better course is to simply await the outcome of the settlement approval process in the *Hoang To* Action so that the Court and parties here can determine how to proceed with the benefit of the order from the Northern District of California on preliminary approval of the proposed settlement. That approach would also avoid the specter of potentially "conflicting results" as to the same parties if this case and *Hoang To* action were to proceed in parallel.

## **CONCLUSION**

For all these reasons, the Court should stay this case for 120 days pending resolution of the settlement approval process in the *Hoang To* Action.

## **LOCAL RULE 7.1(a)(3) CERTIFICATE**

Counsel for Defendants conferred with Counsel for Plaintiffs via Zoom in a good faith effort to resolve the issues raised in the motion and have been unable to do so.

Dated:  October 24, 2024

Respectfully submitted,

*/s/ Joel Griswold*
Joel Griswold (Florida Bar No. 1008827)
Bonnie Keane DelGobbo (*pro hac vice*)
Baker & Hostetler LLP
One North Wacker Drive
Suite 3700
Chicago, Illinois 60606
T: (312) 416-6200
F: (312) 416-6201
jcgriswold@bakerlaw.com
bdelgobbo@bakerlaw.com

*Attorneys for Defendants*
*Alliance Entertainment, LLC*
*DirectToU, LLC,*
*d/b/a Collectors' Choice Music*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on October 24, 2024, the foregoing document was filed with the Clerk of the Court via the CM/ECF system, which will provide notice of such filing to all parties of record.

*/s/ Joel Griswold*
Joel Griswold