# EXHIBIT 3

**From:** DelGobbo, Bonnie Keane bdelgobbo@bakerlaw.com
**Subject:** RE: Defendants' Initial Disclosures - Feller et. al., v. Alliance Entertrainment, et. al.
**Date:** October 24, 2024 at 10:04 AM
**To:** Arun Ravindran aravindran@hedinllp.com, Griswold, Joel C. jcgriswold@bakerlaw.com
**Cc:** jholt@hedinllp.com, Frank Hedin fhedin@hedinllp.com, Elliot Jackson ejackson@hedinllp.com

Hi Arun,

Let's get a call on the calendar early next week to discuss the issues you've laid out. We are pretty open on Tuesday, 10/29, so let us know a time that works for you.

Best,
Bonnie

---

**From:** Arun Ravindran <aravindran@hedinllp.com>
**Sent:** Wednesday, October 23, 2024 2:57 PM
**To:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>; Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** jholt@hedinllp.com; Frank Hedin <fhedin@hedinllp.com>; Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Re: Defendants' Initial Disclosures - Feller et. al., v. Alliance Entertrainment, et. al.

Hello Bonnie,
This email is sent pursuant to L.R. 7.1(a) and sets forth Plaintiffs' efforts to meet and confer on two unresolved discovery issues - setting a date certain for Defendants' corporate representatives' depositions and the substance of Defendants' initial disclosures.

10.10.24 – Plaintiffs' counsel seeks proposed availability for Defendants' 30(b)(6) witnesses and offers December 2, 2024.
10.11.24 – Defendants' counsel advises they were checking with client representatives and would be back in touch
10.15.24 – Defendants' counsel advises Defendants' representatives are unavailable in December and proposes the second week of January
10.15.24 – Plaintiffs' counsel requests to discuss by telephone deposition scheduling, filing the mediators report, and Defendants' position on Plaintiffs' counsels' interim appointment motion
10.15.24 – Defendants counsel requests a summary of topics for a meet and confer telephone call
10.15.24 – Plaintiffs' counsel provides a summary and again asks to set a meet and confer call
10.16.24 – Defendants' counsel advises that counsel is speaking with client representatives and would get back to Plaintiffs' counsel
10.16.24 – Plaintiffs' counsel again asks to speak on the telephone to discuss deposition scheduling and proposes the parties discuss on Friday October 18, 2024 at 3:00 p.m.
10.16.24 -  Defendants' counsel advises that counsel is speaking with client representatives and would get back to Plaintiffs' counsel
10.21.24 – Plaintiffs' counsel writes to follow up on Defendants' positions regarding interim appointment and Plaintiffs' intervention in the later-filed *Hoang To* matter in NDCA and advises that Plaintiffs will be filing motions regarding interim appointment and for intervention on Wednesday 10/23 noting Defendants' position could not be ascertained.
10.21.24 – Plaintiffs' counsel requests to meet and confer telephonically at any time on 10.22.24 regarding Defendants' deficient Rule 26(a) disclosures served on 10.21.24.
10.22.24 – Defendants' counsel advises that counsel is speaking with client representatives and would get back to Plaintiffs' counsel regarding the Rule 26(a) disclosures.

As the above summary shows, Plaintiffs had made repeated attempts to confer on these issues before filing motions.  The judge presiding over this case have made clear that conferral is not a "single email exchange between opposing counsel" (ECF No. 27 at 3) and that discovery disputes should not be brought to the Court until the parties "actually speak to one another (in person or via

telephone or videoconference)[.]". With that in mind, Plaintiffs have made repeated attempts to discuss these matters but have been unsuccessful in trying to get Defendants' counsel on the phone to discuss these outstanding issues. We are making a final attempt to discuss Defendant's Rule 26(a) disclosures and deposition scheduling. Please provide a date and time by which Defendants' will be prepared to have a telephone conversation to resolve these matters. **Please note that if these matters are not resolved by COB October 25, 2024, Plaintiffs will be filing any required motions on Monday October 28, 2024**.

Thanks,

Arun G. Ravindran

**HEDIN** LLP

1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

---

**From:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Date:** Tuesday, October 22, 2024 at 2:33 PM
**To:** Arun Ravindran <aravindran@hedinllp.com>, Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** jholt@hedinllp.com <jholt@hedinllp.com>, Frank Hedin <fhedin@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** RE: Defendants' Initial Disclosures - Feller et. al., v. Alliance Entertrainment, et. al.

Hi Arun,

We will discuss with the clients and circle back.

Best,
Bonnie

---

**From:** Arun Ravindran <aravindran@hedinllp.com>
**Sent:** Monday, October 21, 2024 10:38 PM
**To:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>; Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** jholt@hedinllp.com; Frank Hedin <fhedin@hedinllp.com>; Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Defendants' Initial Disclosures - Feller et. al., v. Alliance Entertrainment, et. al.

[External Email: Use caution when clicking on links or opening attachments.]

Good Evening Bonnie and Joel,

Plaintiffs write concerning Defendants' initial disclosures served earlier today, October 21, 2024.

Under Fed. R. Civ. P. 26(a)(i) Defendants are obligated to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use

to support its claims or defenses, unless the use would be solely for impeachment[."

Apart from Plaintiffs and certain third-parties listed in Plaintiffs' initial disclosures, Defendants identified "Corporate Representative of Alliance Entertainment, LLC" and "Corporate Representative, of DirectToU, LLC" as the only persons disclosed under R. 26(a)(i).

Defendant did not identify specific individuals, including individuals involved in their websites' functionality (ECF 26 at 4), party or non-party individuals with knowledge of Defendants' disclosures of customers' PII to third parties, or, indeed, any specific individual at all upon whom Defendants will rely to support its defenses.

Defendants' merely naming "corporate representatives" does not satisfy their Rule 26(a) obligations.  See e.g., Rogers v. Bank of Am., N.A., No. CIV.A. 13-1333-CM-TJ, 2014 WL 4681031, at *6 (D. Kan. Sept. 19, 2014) ("Accordingly, the Court finds that Defendant's mere identification of individuals not by name but by a generic label that could apply to a number of its employees, such as Defendant's "corporate representative" or "records custodian," is not sufficient to satisfy its initial disclosure obligations under Rule 26(a)(1)(A)(i)."); Hoffman v. MJC Am., Ltd, No. 4:18-CV-04169-LLP, 2019 WL 4933526, at *6 (D.S.D. Oct. 7, 2019) ("identification of "agents, employees and representatives of the parties" is wholly insufficient to comply with their obligation under Fed. R. Civ. P. 26(a)(1)(A)(i) to identify individuals likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.").

Fed. R. Civ. P. 37(a) applies to non-compliant Rule 26(a) disclosures and provides as follows:
**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
**(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
**(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
**(B)** may inform the jury of the party's failure; and
**(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Plaintiffs request to immediately meet and confer on Defendants' deficient Rule 26(a)(i) initial disclosure.  Plaintiffs made their initial disclosures on September 12, 2024 and requested on September 12, 2024 that Defendant make its Rule 26 initial disclosures by September 19, 2024.  In the interim the parties agreed to mediate.  Immediately upon the mediation reaching an impasse, Plaintiffs requested that Defendant make its initial disclosures by Monday October 14, 2024 and agreed to  Defendants' request to make their initial disclosures on October 21, 2024.  However, Defendants' disclosures do not comply with Rule 26(a) and Plaintiffs are incapable of determining the specific individuals that have knowledge concerning Defendants' defenses.

Plaintiffs' counsel are generally available all day Tuesday October 22, 2024 to confer.

Regards,
Arun G. Ravindran
HEDIN LLP

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.