IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| DOUGLAS FELLER; JEFFRY HEISE; JOSEPH MULL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANCE ENTERTAINMENT, LLC; et al.,<br><br>Defendants. | Case No. 0:24-cv-61444-RAR<br><br>Hon. Rodolfo A. Ruiz II |

## DEFENDANTS' REPLY IN SUPPORT OF EXPEDITED MOTION TO STAY PENDING PRELIMINARY APPROVAL AND SUPPORTING MEMORANDUM OF LAW

Defendants Alliance Entertainment, LLC ("Alliance") and DirectToU, LLC ("DirectToU") (collectively, "Defendants"), respectfully submit this reply in support of their expedited motion to stay this case in its entirety for 120 days so that a class settlement which was fully executed on October 23, 2024 in a putative class action lawsuit currently pending in the United States District Court for the Northern District of California, titled *Jonathan Hoang To v. DirectToU, LLC*, No. 3:24-cv-06447 (N.D. Cal.) ("*Hoang To* Action"), may proceed through the preliminary approval, notice, and final approval process.[1]

First, contrary to Plaintiffs' representation, Defendants did confer with Plaintiffs through their respective counsel about the motion to stay during a phone call on October 24, 2024 to the

---

[1] To avoid potential questions regarding the applicability of Article III jurisdiction, the parties in the *Hoang To* Action have stipulated to remand the action back to the Superior Court of California, County of Alameda – where it was originally filed. *Jonathan Hoang To v. DirectToU, LLC*, No. 3:24-cv-06447 (N.D. Cal.) at Doc. 18. As of the filing, the stipulation remains pending court approval.

point of impasse. Declaration of D. DelGobbo at ¶10, a copy of which is attached as **Exhibit A**.[2] Defendants' counsel told Plaintiffs' counsel that Defendants would be seeking to stay this action pending approval of the settlement in the *Hoang To* Action and Plaintiffs' counsel responded that Plaintiffs would fight the settlement, appeal, and tie up the cases for years. *Id.* When Plaintiffs' counsel asked to see a copy of the settlement agreement in the *Hoang To* Action, Defendants' counsel explained that they would like to produce it but could not until the Plaintiff's counsel in the *Hoang To* Action made it public by filing their motion for preliminary approval. To the extent that Defendants' counsel misunderstood Plaintiffs' position that they oppose the stay of this case pending approval of settlement in the *Hoang To* Action, Defendants welcome Plaintiffs to withdraw their opposition to the pending motion so it may be considered as unopposed.

Second, as of October 28, 2024, the same arguments that Plaintiffs are making herein opposing the stay are already before the United States District Court for the Northern District of California in the *Hoang To* Action. Specifically, Plaintiffs have filed a Motion to Intervene and to Dismiss, or Alternatively to Transfer or Stay in the *Hoang To* Action in which they filed a nearly identical declaration and make the same arguments as raised in their opposition to the motion to stay in this action. A copy of Plaintiffs' Motion to Intervene and to Dismiss, or Alternatively to Transfer or Stay is attached as **Exhibit B** and the Declaration of F. Hedin is attached as **Exhibit C**. In the interest of judicial economy and avoiding inconsistent rulings between this Court and the United States District Court for the Northern District of California,

---

[2] To address the many factual inaccuracies in Plaintiffs' declaration in opposition to the motion to stay, Defendants repeatedly attempted to file a signed copy of Ms. DelGobbo's Declaration at Docs. 42, 43, and 44, but encountered technical issues with the pdf signature being stripped from the ECF filings. Defendants' counsel apologizes for the inconvenience and attaches a hard signature of the declaration to this reply.

Defendants respectfully request that the Court temporarily stay this action while these matters are under consideration and briefed by all interested parties in the *Hoang To* Action.[3]

Third, Defendants did not collude with the plaintiff in the *Hoang To* Action. *See* Ex. A (*in seriatim*). The plaintiff in the *Hoang To* Action made the opening settlement demand without any input or suggestion of valuation from Defendants, at no time during the negotiation of settlement valuation did Defendants tell the *Hoang To* plaintiff's firm that Defendants had engaged in any settlement discussions in the *Feller* case, and at no time during these settlement negotiations did Defendants tell the *Hoang To* plaintiff's firm any settlement figures that Defendants had exchanged with the *Feller* plaintiffs' firm. *Id.* at ¶¶8-10. Defendants conducted settlement negotiations with the *Hoang To* Plaintiff at arms-length and they were able to reach a resolution after exchanging multiple monetary and non-monetary positions. *Id.* at ¶¶8-9. Just because Plaintiffs in this action were unable to reach their own settlement agreement with Defendants does not give rise to an inference that anyone else capable of negotiating a settlement must have "colluded."

Finally, Plaintiffs in this action represent only themselves at this juncture. No class has been certified. "Before class certification, no absent interests are at stake, and when class certification is denied, only the named plaintiffs—not the absent class members plaintiff sought to represent—are bound by the judgment." *Moore v. Walter Coke, Inc.*, 294 F.R.D. 620, 628 (N.D. Ala. 2013) (citing *Smith v. Bayer Corp.,* —— U.S. ——, 131 S.Ct. 2368, 2379–80, 180 L.Ed.2d 341 (2011)). To the extent that Plaintiffs would otherwise become members of the settlement class in the *Hoang To* Action and are dissatisfied with the settlement terms, they are

---

[3] On September 18, 2024, the Court in the *Hoang To* Action was informed of the pendency of this action as the basis for seeking an extension of time to respond to the complaint, which was granted. *Jonathan Hoang To v. DirectToU, LLC*, No. 3:24-cv-06447 (N.D. Cal.) at Doc. 8 and Doc. 9.

free to object to that settlement or to opt-out of that settlement to pursue their claims on an individual basis.

Until the Parties know whether the settlement in the *Hoang To* Action will be approved, it would be a waste of judicial resources to litigate this matter (especially under the expedited schedule) and could result in inconsistent rulings. Moreover, Plaintiffs have not identified any concrete risk of prejudice to the putative class members by staying this action pending approval of the class settlement in the *Hoang To* Action. Plaintiffs have served subpoenas on third parties and Defendants are unaware of any basis to discontinue preservation obligations while a case remains pending just because it is temporarily stayed. To the contrary, if this action is not stayed until the Parties have clarity as to whether the class settlement is approved, Defendants and third party respondents will incur significant expense responding to discovery, briefing in response to the complaint, and motion practice – all of which may be rendered moot if the class settlement is approved and Plaintiffs choose not to opt-out of such settlement. However, even if Plaintiffs choose to opt-out of the class settlement in order to pursue their claims on an individual basis, the scope of the action and any related discovery would be much more limited and the claims more likely to resolve.

The class settlement, if approved by the Court, covers all claims asserted in this case.[4] A stay of this case will preserve judicial resources, prevent needless duplication of effort and the risk of inconsistent judgments, and avoid hardship on Defendants. Defendants respectfully request an expedited ruling because Defendants' response to the Complaint in this case is due

---

[4] Although Defendants originally anticipated that the plaintiff in *Hoang To* would file the motion for preliminary approval this week, Defendants understand that the *Hoang To* plaintiff currently anticipates they will be filing the preliminary approval motion in the federal court action on Monday, Nov. 4, 2024, if the *Hoang To* case has not been remanded by then, or as soon as the state court docket becomes available if remand is granted before filing.

November 1, 2024, its responses to Plaintiff's discovery requests are due November 1, 2024, and significant resources will continue to be expended litigating this action under the expedited schedule while settlement approval proceedings in *Hoang To* remain pending.

Dated:  November 1, 2024

Respectfully submitted,

*/s/ Joel Griswold*
Joel Griswold (Florida Bar No. 1008827)
Bonnie Keane DelGobbo (*pro hac vice*)
Baker & Hostetler LLP
One North Wacker Drive
Suite 3700
Chicago, Illinois 60606
T: (312) 416-6200
F: (312) 416-6201
jcgriswold@bakerlaw.com
bdelgobbo@bakerlaw.com

*Attorneys for Defendants*
*Alliance Entertainment, LLC*
*DirectToU, LLC,*
*d/b/a Collectors' Choice Music*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on November 1, 2024, the foregoing document was filed with the Clerk of the Court via the CM/ECF system, which will provide notice of such filing to all parties of record.

*/s/ Joel Griswold*
Joel Griswold