# EXHIBIT C

1  Frank S. Hedin (SBN 291289)
   Hedin LLP
2  535 Mission Street, 14th Floor
   San Francisco, CA 94105
3  Telephone:     (305) 357-2107
   Facsimile:     (305) 200-8801
4  E-Mail:        fhedin@hedinllp.com
5
   *Counsel for Proposed Intervenors*
6
7                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
8
9  JONATHAN HOANG TO, individually and       Case No. 24-cv-06447-WHO
   on behalf of all others similarly situated,
10                                            **DECLARATION OF FRANK S.**
                Plaintiff,                    **HEDIN IN SUPPORT OF PROPOSED**
11                                            **INTERVENORS' TIME-SENSITIVE**
        v.                                    **MOTION TO INTERVENE AND TO**
12                                            **DISMISS OR, IN THE**
   DIRECTTOU, LLC,                            **ALTERNATIVE, TO TRANSFER OR**
13                                            **STAY THIS ACTION PURSUANT TO**
                Defendant,                    **THE FIRST-TO-FILE RULE**
14
        and,                                  Date: November 6, 2024
15                                            Time: 2:00 PM
   DOUGLAS FELLER; JEFFRY HEISE;             Judge: Hon. William H. Orrick
16 JOSEPH MULL, individually and on behalf of Courtroom: 2
   all others similarly situated,
17
18              Proposed
                Plaintiff-Intervenors.
19
20
21
22
23
24
25
26
27

                    DECLARATION OF FRANK S. HEDIN

I, Frank S. Hedin, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 and based on my own personal knowledge, that the following statements are true:

1.      I am the founding partner at the law firm Hedin LLP and a member in good standing of the Florida Bar and the State Bar of California, and I submit this declaration in support of Proposed Intervenors' Time-Sensitive Motion to Intervene and to Dismiss or, in the Alternative, to Transfer or Stay this Action Pursuant to the First-To-File Rule and Incorporated Memorandum of Law.

2.      From 2012 to 2013, I served as law clerk to the Honorable William Q. Hayes, U.S. District Judge for the Southern District of California. I then worked for four years at a law firm in Miami, Florida, where I represented plaintiffs and defendants in general commercial litigation and intellectual property matters.

3.      I co-founded Hedin LLP, previously known as Hedin Hall LLP, in 2018.

4.      My firm represents Douglas Feller, Jeffry Heise, and Joseph Mull, the Plaintiffs in the putative class action pending in the U.S. District Court for the Southern District of Florida titled *Feller, et. al. v. Alliance Entertainment, LLC, et. al.*, No. 0:24-cv-61444-RAR (S.D. Fla., filed Aug. 8, 2024) (hereinafter the "*Feller* Action"). A copy of the Complaint in the *Feller* Action is attached hereto as **Exhibit 1**.

5.      The *Feller* Action alleges that Defendants Alliance Entertainment, LLC and DirectToU, LLC d/b/a Collectors' Choice Music, Critics' Choice Video, Movies Unlimited, DeepDiscount, and WOW HD ("Defendants") violated the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, *et. seq.*, by disclosing the named plaintiffs' and their other customers' "Personally Identifying Information," ("PII"), 18 U.S.C. § 2710(a)(3), without first obtaining informed written consent. (Ex. 1, ¶¶ 1-10). The *Feller* Complaint sets forth two distinct

---

DECLARATION OF FRANK S. HEDIN

means by which the Defendants violated the VPPA: (1) Defendants' use of the Meta Pixel, a snippet of programming code embedded on several of Defendants' direct-to-consumer websites, to send their customers' prerecorded video purchases and personally identifiable information to Meta, and 2) by renting, selling, or otherwise disclosing their customers' Personally Identifying Information to data aggregators, data miners, data brokers, data appenders, and other third parties through the sale or rental of lists from its customer database, including through the website Nextmark.com. (Ex. 1, ¶¶ 66-84). Thus, the *Feller* Action seeks to certify two classes:

**(a)** The Data Brokerage Class: All persons in the United States who, during the two years preceding the filing of this action, purchased prerecorded video material from Defendants and had their Private Viewing Information disclosed to a third-party by Defendant.

**(b)** The Meta Pixel Class: All persons in the United States who, during the two years preceding the filing of this action purchased prerecorded video material from Defendants' websites while maintaining an account with Meta Platforms, Inc. f/k/a Facebook, Inc.

(Ex. 1, ¶ 85).

6.      My firm has devoted significant time developing, investigating, and commencing the *Feller* action against Defendant for violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. Beginning in 2019, my firm began investigating Defendants' practices of renting, selling, and otherwise disclosing its customer lists, which included names, addresses, titles of videos purchased by, and various demographic and other personal information about each of the persons who made purchases on their websites, and by studying Defendants' practices of transmitting personally identifying information and video-purchase information to Facebook, now known as Meta, via the "Meta Pixel" technology they had installed on their websites.

7.      Specifically, prior to filing the *Feller* action, my firm: (i) thoroughly investigated and reviewed current and historical versions of Defendants' data cards publicly accessible on

Nextmark.com and other data-brokerage websites, over a period of several years dating back to 2019; (ii) researched numerous online trackers created by different technology companies, including learning how they operate, how to find them in website source code, and how to identify what information is being tracked and transmitted; (iii) consulted with experts to investigate Defendants' numerous websites and their use of tracking technologies, including the Meta Pixel technology, on those website, including parsing through Defendants' websites' source code; (iv) researched whether Defendants' use of such tracking pixels violated the VPPA; and (v) communicated with and reviewed materials provided by numerous potential clients who interacted with and made purchases on Defendants' websites, in order to determine whether they were capable of adequately representing the interests of the proposed classes.

8.      After performing this time-consuming pre-filing work, my firm was retained in July 2024 by Douglas Feller, Jeffry Heise, and Joseph Mull to prosecute claims against Defendants for violation of the VPPA on behalf of themselves and others similarly situated, and shortly thereafter prepared and filed the Class Action Complaint on behalf of the proposed classes.

9.      Since the very outset, my firm has vigorously litigated the *Feller* action on behalf of Plaintiffs and the putative classes, including by serving comprehensive written discovery requests to Defendants, serving notices of deposition to Defendants' corporate representatives, serving third-party subpoenas for documents and deposition testimony to relevant third parties, consulting with potential experts, and preparing motions and other filings. The parties' Rule 26 conference occurred on August 30, 2024, the Rule 26 conference report was field on September 9, 2024, and the Court entered its first Order Setting Jury Trial on September 10, 2024. On September 12, 2024, Plaintiffs' counsel served Plaintiffs' first sets of requests for production of documents and interrogatories on Defendant, seeking razor-focused categories of information,

DECLARATION OF FRANK S. HEDIN

documents, communications, and electronically-stored information concerning each of the factual and legal issues relevant to their claim for violation of the VPPA, Defendants' likely defenses thereto, and the certification of the proposed classes pursuant to Rule 23.  On September 13, 2024, Plaintiffs' counsel served notices of deposition of Defendants' corporate representatives for November 15, 2024.

10.    On September 6, 2024, Plaintiffs and Defendants agreed to attend a mediation to explore early class-wide resolution of the *Feller* action before the Honorable James F. Holderman (Ret.) (JAMS, Chicago), formerly a district judge in the Northern District of Illinois, on the condition (negotiated by Hedin LLP) that Defendants would agree to provide various information and materials to them in advance of the mediation that were necessary for us to intelligently negotiate on behalf of members of the putative classes.  This information and material included the precise sizes of the two classes, the form and contents of the personally identifying and video purchase- related information pertaining to Plaintiffs and class members that Defendants transmitted to the various third-party recipients of the information during the applicable statutory period, and all applicable or potentially applicable policies of insurance.

11.    Ahead of the parties' mediation scheduled for October 10 before Judge Holderman, my firm prepared and exchanged with Defendants' counsel and Judge Holderman a comprehensive mediation statement outlining Plaintiffs' positions on various legal and factual issues relevant to the merits of the claims and defenses and issues of class certification.  My firm and Defendants' counsel also participated in a lengthy pre-mediation conference with Judge Holderman.  During that conference, Defendants' counsel informed Plaintiffs' counsel that no settlement discussions had occurred between Defendants and the plaintiff in the instant second-filed *Hoang To* action.

DECLARATION OF FRANK S. HEDIN

12. On October 10, 2024, following our receipt of information and materials from Defendants bearing, *inter alia*, on issues of class size and insurance, the parties participated in a full day of mediation before Judge Holderman. Although we mediated for nearly a full day, we were unable to reach a proposed class-wide settlement at the mediation and Judge Holderman declared an impasse.

13. For over more than a week following the mediation, the parties, with the continued assistance of Judge Holderman, continued to engage in what my colleagues and I (and Judge Holderman) believed at the time to be good-faith settlement negotiations. Specifically, on October 16, 2024, six days after the parties' mediation, I exchanged e-mail correspondence and then spoke by telephone with Judge Holderman, during which I asked Judge Holderman to convey a settlement demand to Defendants' counsel, which I believed would meaningfully advance the parties' progress towards a proposed resolution on behalf of the classes. Later that same day, after presenting Plaintiffs' demand to Defendants' counsel by phone, Judge Holderman telephoned me to convey a counter settlement offer that Defendants had authorized him to convey. Over the next two days, I spoke by phone and exchanged e-mail correspondence with Judge Holderman on multiple occasions concerning Defendants' latest settlement offer, and on October 18, 2024, I conveyed another counter settlement demand to Judge Holderman and asked that he present it to the Defendants' counsel. Later that same day, Judge Holderman sent me an e-mail confirming that he had presented Plaintiffs' latest demand to Defendants' counsel by phone. I followed up with Judge Holderman on October 22, 2024, and yet again on October 23, 2024, to see whether he had received any response from Defendants' counsel, and on both occasions Judge Holderman advised me that he had telephoned Defendants' counsel but had received no answer, that he had

DECLARATION OF FRANK S. HEDIN

left voicemails for them but had still not heard back from them, and that he would try to contact Defendants' counsel yet again on October 24, 2024.

14.     At the same time as these settlement discussions overseen by Judge Holderman were occurring, my colleagues and I also continued to push the *Feller* action forward on multiple fronts. Immediately following the conclusion of the mediation on October 10, 2024, Arun G. Ravindran of my firm confirmed with Defendant that the agreed-upon discovery stay (which had been in effect since the date the parties agreed to mediate) had ended. On October 14, 2024, Plaintiffs' counsel served a third-party subpoena for documents and deposition testimony to Meta on Defendants' counsel by e-mail, and then promptly arranged for the subpoena to be formally served on Meta.  On October 16, 2024, Meta served its initial responses and objections to the subpoena and, later that same day, I initiated a meet and confer process with Meta's counsel to discuss Meta's responses and objections to the subpoena. On October 19, 2024, I conferred further with Meta's counsel concerning the timing of its deposition. On October 17, 2024, I served a third-party subpoena for documents to Data-Axle Inc. (a data company that, as our investigation had revealed, served as one of Defendants' list managers and/or brokers during the relevant statutory period) on Defendants' counsel by e-mail, and then promptly arranged for formal service of the subpoena on Data-Axle, setting a deadline for Data-Axle to respond of November 18, 2024.  On October 25, 2024, Mr. Ravindran exchanged correspondence with counsel for Data Axle regarding Data Axle's response to the subpoena and production of documents.

15.     Additionally, over the course of a 10-day period beginning on October 14, 2024, continuing through October 24, 2024, my colleagues and I repeatedly attempted to schedule a meet and confer conference with Defendants' counsel concerning, inter alia: (1) Defendants' position on a motion for appointment of interim counsel that Plaintiffs' counsel had advised

DECLARATION OF FRANK S. HEDIN

Defendants' counsel it intended to file; (2) Defendants' intentions with respect to the *Hoang To* matter, including the nature of the responsive pleading it intended to file in that case and whether it would seek to dismiss, stay, or transfer the case on the grounds that it had previously articulated (namely, that it was duplicative of the earlier-filed *Feller* case); and, relatedly, (3) Defendants' position on a motion to intervene and to stay or dismiss the *Hoang To* matter that Plaintiffs' counsel had indicated it would file to protect the interests of class members in the event DirectToU, LLC, the defendant in that case, did not intend to seek such relief in response to the plaintiff's complaint.

16.     First, on October 14, 2024, Mr. Ravindran of my firm **made the first of several requests to confer** on Defendants' position regarding the *Hoang To* case. **Exhibit 3** hereto, at 1. Having received no response, on October 15, 2024, Mr. Ravindran **again requested** to meet and confer with Defendants' counsel that week (e.g., the week ending October 18, 2024), both with respect to Defendants' intentions with respect to the duplicative *Hoang-To* matter and on Defendants' position on Plaintiffs' forthcoming motion to be appointed interim class counsel in the *Feller* action. **Exhibit 2** hereto, at 5. Plaintiffs' counsel followed up that same day seeking to meet and confer on Defendants' position on Plaintiffs' forthcoming motion to be appointed interim class counsel. **Exhibit 4** hereto, at 1. Later on October 15, 2024, Defendants' counsel inexplicably responded to Plaintiffs' counsel by asking for "a description of the substance" of the conference being requested.   Ex. 2 at 4–5.  Plaintiffs' counsel immediately responded, stating:

> 1.     Defendants' position on Plaintiffs' forthcoming motion seeking interim appointment as class counsel.
>
> 2.     Defendants' intent with respect to the *Hoang* matter.  Specifically, Plaintiff wants to discuss whether Defendant intends to dismiss *Hoang* under the first-filed doctrine or to move to transfer *Hoang* to the SDFL.  Alternatively, we'd like to discuss Defendants' position on a motion by Plaintiffs to intervene in

DECLARATION OF FRANK S. HEDIN

the *Hoang* matter and a potential motion by Plaintiffs to dismiss the *Hoang* case on first filed grounds.

Ex. 2 at 4.

17.    On October 16, 2024, Defendants' counsel responded to our e-mail correspondence by stating that she would confer with her client.   Ex. 2 at 3.   Later that day, Plaintiffs' counsel followed up with Defendants' counsel once more – again, simply to propose a date to have a meet and confer conference on these issues.   **Exhibit 6** hereto, at 1.   Again, Defendants' counsel responded that she would reply with her clients' position at some unspecified future date.

18.    On October 21, 2024, having still not received Defendants' positions on these issues or their availability for a meet and confer call, Plaintiffs' counsel advised Defendants' counsel that Plaintiffs would file a motion seeking interim appointment as class counsel without waiting any further, likely on Wednesday October 23, 2024, and that they would also file a motion to intervene in the *Hoang To* matter and move to dismiss that case under the first filed doctrine. Ex. 2 at 3.

19.    Defendants' counsel did not respond to that communication and, later that day, Plaintiffs' counsel sent another e-mail to Defendants' counsel regarding Defendants' incomplete initial disclosures, and **again sought to confer telephonically on October 22, 2024**.   **Exhibit 5** hereto, at 2.   Once more, Defendants' counsel refused to schedule a conferral and punted, stating again they would need to discuss with their clients.

20.    On October 23, 2024, Plaintiffs' counsel sent Defendants' counsel a summary of their attempts to meet and confer by email.   Ex. 5 at 1-2.   Plaintiffs' counsel also left voicemails to each of Defendants' counsel of record, all of which went unreturned.

---

DECLARATION OF FRANK S. HEDIN

21.     The next day, Defendants' counsel responded by stating: "Let's get a call on the calendar early next week to discuss the issues you've laid out. We are pretty open on Tuesday, 10/29, so let us know a time that works for you." Ex. 5 at 1. I then sent an e-mail to Defendants' counsel, stating as follows:

> Bonnie: We will be filing our motion for interim appointment today. And in the motion we will advise the court that you have refused to meet and confer with us or provide us with your position on our request for interim appointment after numerous e-mails and attempted phone calls over the past week+. If your client is willing to meet and confer with us today before we file, please let us know immediately. Thank you.

Ex. 2 at 2.

22.     In response to my e-mail – which, again, came after 10 days of Defendants' counsel ignoring Plaintiffs' counsel's repeated efforts to communicate with them concerning each of these important issues, and after five days of also ignoring Judge Holderman's repeated efforts to communicate with them as well (as recounted above) – Defendants' counsel finally agreed to meet and confer on these issues with Plaintiffs' counsel by phone later that afternoon.  During this October 24, 2024, phone call, Defendants' counsel informed Plaintiffs' counsel that Defendants had executed a class-wide settlement agreement with the counsel for the *Hoang To* plaintiff the day before (October 23, 2024), that the proposed settlement memorialized in that signed agreement purports to release the claims of all putative class members in the *Feller* action (even though only the proposed classes in the *Hoang To* action are only a small subset of the proposed classes here), that those releases will cover both of the Defendants in the *Feller* action (even though only one of the Defendants here is named in the *Hoang To* action), that the plaintiff in the *Hoang To* action would be filing a motion for preliminary approval on or about Monday, October 28, 2024, and that Defendants would be filing a motion to stay the *Feller* action pending resolution of the motion for preliminary approval in the *Hoang To* action.  At no time on this call

DECLARATION OF FRANK S. HEDIN

or otherwise did Defendants' counsel ever request Plaintiffs' position on Defendants' forthcoming motion to stay the *Feller* action. And when Plaintiffs' counsel asked Defendants' counsel to provide them with a copy of, or to at least disclose the terms of, the class-wide settlement agreement that had been signed between Defendants and the *Hoang To* plaintiff and his counsel – information obviously necessary for Plaintiffs and their counsel to assess whether the settlement agreement provides fair, reasonable, and adequate relief to class members, and thus to determine whether they would oppose Defendants' forthcoming motion to stay the *Feller* action or not – Defendants' counsel flatly refused without explanation. We also indicated that we would nonetheless be filing the a motion for appointment of interim counsel in the *Feller* action, as well as a motion to intervene and to stay or dismiss the *Hoang To* action on first-filed doctrine grounds, and Defendants' counsel stated that Defendants would oppose both motions. Later in the day following this call with Defendants' counsel, I spoke with Judge Holderman by phone, who indicated he had just finally gotten ahold of Defendants' counsel and they had just then advised him of the settlement agreement they had signed with the *Hoang To* plaintiff's counsel.

23. Almost immediately after our call with Defendants' counsel ended on October 24, 2024, Defendants filed a motion to stay the *Feller* action pending resolution of the motion for preliminary approval of a class-wide settlement agreement that the plaintiffs would be filing in the instant *Hoang To* action. The motion to stay states, in pertinent part, that the parties in the *Hoang To* action signed a class-wide settlement agreement "on October 23, 2024" (ECF No. 36 at 2), that the "[t]he settlement reached in the *Hoang To* action would, if approved by the Court, cover all claims asserted in this [*Feller*] case" (*id.* at 1), that "the *Hoang To* settlement is expected the release the claims of all putative class members in this [*Feller*] case" (*id.* at 4), and that "a

DECLARATION OF FRANK S. HEDIN

motion for preliminary approval of the proposed settlement will be filed early next week" in the *Hoang To* case (*id.* at 2).

24. Later in the day on October 24, 2024, I telephoned (but received no answer) and then emailed all counsel of record for the plaintiff in the *Hoang To* action in an effort to meet and confer on their position on this motion and the motion for interim appointment in the *Feller action*. *See* **Exhibit 7** hereto. Counsel of record for the plaintiff in the *Hoang To* action, Adrian Barnes, responded that he was not familiar enough with the litigation to provide his client's position on these issues, and that the other counsel of record for his client were unavailable until Monday October 28, 2024, because of the observation of a religious holiday. *See id.*

25. The reverse auction that Defendants orchestrated of the classes' claims, and the willingness with which the plaintiff's counsel in *Hoang To* appears to have gone along with it, as described above, is the most underhanded conduct that I have experienced in my 10-year career as a lawyer practicing in this area of law.

26. In addition to the work my firm has already performed in the *Feller* action, as noted above, a significant amount of litigation, including discovery, **must** occur prior to class certification and trial in the *Feller* case. Discovery will be complex, nuanced, and require substantial specialized knowledge and experience to perform effectively and efficiently. My firm's thorough investigation into the claims in the *Feller* case, as well as its experience prosecuting numerous other similar data-privacy matters, will enable it to effectively build and prosecute the *Feller* case on behalf of the classes, including in discovery, motion practice, at class certification, and through trial and any appeals if necessary.

27. Notably, a significant amount of the discovery critical to the classes' claims in the *Feller* action is in the possession of third parties, including Meta and Data Axle, both of which

---

DECLARATION OF FRANK S. HEDIN

my firm recently subpoenaed.  It is critically important that these third parties, and any others with materials relevant to litigation in both cases, continue to preserve all such materials in their possession, custody, or control, and that Defendants' filing of a motion to stay in the *Feller* action and the *Hoang To* plaintiff's filing of motions in support of approval of his proposed class-wide settlement here does not result in these third parties disregarding their preservation obligations with respect to such materials.

I declare, under penalty of perjury, pursuant to the laws of the United States of America that the foregoing is true and correct. Executed this 28th day of October 2024, in Miami, Florida.

*/s/ Frank S. Hedin*
Frank S. Hedin

DECLARATION OF FRANK S. HEDIN

# EXHIBIT 1



## FIRM RÉSUMÉ

Based in Miami, Florida, and with offices in San Francisco, California and Washington, D.C., Hedin LLP represents consumers and investors in class actions in state and federal courts nationwide. Our firm prosecutes difficult cases aimed at redressing injuries suffered by large, diverse groups of people. Over the past six years alone, we have recovered hundreds of millions of dollars and other meaningful relief for the consumers and investors we have had the privilege to represent.

---

## Representative Matters

**Notable examples of our work on behalf of consumers include:**

- *Rivera, et al. v. Google LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty.) (class counsel in action alleging unauthorized collection of consumers' biometric data in violation of state statute, negotiated $100 million all-cash non-reversionary settlement for class)

- *Schreiber et al. v. Mayo Foundation for Medical Education & Research*, No. 22-cv-00188 (W.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $52.5 million all-cash non-reversionary settlement for class)

- *Olsen, et al. v. ContextLogic Inc.,* No. 2019CH06737 (Ill. Cir. Ct. Jan. 7, 2020) (class counsel in action alleging nonconsensual transmission of text messages to consumers' telephones in violation of federal law, negotiated $16 million all-cash non-reversionary settlement for class)

- *In re Everi Holdings, Inc. FACTA Litigation*, No. 18CH15419 (Ill. Cir. Ct. Jan. 7, 2020) (class counsel in action alleging unauthorized printing of excess digits of consumer card numbers on transaction receipts in violation of federal law, negotiated $14 million all-cash non-reversionary settlement for class)

# HEDIN LLP

- *Owens, et al. v. Bank of America, N.A., et al.*, No. 19-cv-20614 (S.D. Fla.) (class counsel in action alleging improper overdraft fees in violation of state law, negotiated $4.95 million settlement for class)

- *Liggio v. Apple Federal Credit Union*, No. 18-cv-1059 (E.D. Va.) (class counsel in action alleging improper overdraft fees in violation of state law, negotiated $2.7 million settlement for class)

- *Kokoszki v. Playboy Enterpises, Inc.*, No. 19-cv-10302 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $3.8 million all-cash non-reversionary settlement for class)

- *Pratt et al. v. KSE Sportsman Media, Inc.*, No. 21-cv-11404 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $9.5 million all-cash non-reversionary settlement for class)

- *Chimeno-Buzzi v. Hollister Co.*, No. 14-cv-23120 (S.D. Fla.) (class counsel in action alleging nonconsensual transmission of text messages to consumers' telephones in violation of federal law, negotiated $10 million all-cash non-reversionary settlement for class)

- *Farnham v. Caribou Coffee Co., Inc.*, No. 16-cv-295 (W.D. Wisc.) (class counsel in action alleging nonconsensual transmission of text messages to consumers' telephones in violation of federal law, negotiated $8.5 million all-cash non-reversionary settlement for class)

- *Kain v. The Economist Newspaper NA, Inc.*, No. 21-cv-11807 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $9.5 million all-cash non-reversionary settlement for class)

- *Strano v. Kiplinger Washington Editors, Inc.*, No. 21-cv-12987 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $6.8 million all-cash non-reversionary settlement for class)

- *Moeller v. The Week Publications, Inc.*, No. 22-cv-10666 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $5 million all-cash non-reversionary settlement for class)

# HEDIN LLP

- *Benbow v. SmileDirectClub, Inc*., No. 2020-CH-07269 (Cir. Ct. Cook Cnty.) (class counsel in action alleging nonconsensual transmission of text messages to consumers' telephones in violation of federal law, negotiated $11.5 million all-cash settlement for class)

**Notable examples of our work on behalf of investors include:**

- *In re Maxar Technologies Inc. Shareholder Litigation*, No. 19CV357070 (Cal. Sup. Ct., Santa Clara Cnty.) (class counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $36.5 million all-cash non-reversionary settlement for class)

- *Plymouth County Retirement System v. Impinj, Inc., et al*., No. 650629/2019 (N.Y. Sup. Ct., N.Y. Cnty.) (counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $20 million all-cash non-reversionary settlement for class)

- *In re Altice USA, Inc. Sec. Litig.*, No. 711788 (N.Y. Sup. Ct., Queens Cnty.) (counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $4.75 million all-cash non-reversionary settlement for class)

- *Plutte v. Sea Ltd*., No. 655436/2018 (N.Y. Sup. Ct., N.Y. Cnty.) (counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $10.75 million all-cash non-reversionary settlement for class)

- *In re Menlo Therapeutics Inc. Sec. Litig*., No. 18CIV06049 (Cal. Sup. Ct., San Mateo Cnty.) (counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $9.5 million all-cash non-reversionary settlement for class)

---

**Attorney Biographies**



**Frank S. Hedin**

Frank S. Hedin, founder of the firm, is a member in good standing of the Florida Bar and the State Bar of California. Mr. Hedin received his Bachelor of Arts from University of Michigan and Juris Doctor, *magna cum laude*, from Syracuse University College of Law. After graduating from law school, he served for fifteen months as law clerk to the Honorable William Q. Hayes, United States District Judge for the Southern District of California. Prior to establishing the firm, Mr. Hedin was a partner at a litigation boutique in Miami, Florida, where he represented both plaintiffs and defendants in consumer and data-privacy class actions, employment-related collective actions, and patent and trademark litigation, and served as head of the firm's class action practice.

**Arun G. Ravindran**

Arun G. Ravindran, a member in good standing of the Florida Bar and the New York State Bar, is an accomplished trial lawyer who has tried more than twenty federal cases to jury verdict.  Mr. Ravindran received his Bachelor of Arts from Emory University, an Msc. from the London School of Economics, and his Juris Doctor from Emory University School of Law.  After graduating from law school, he served as Captain and Judge Advocate in the United States Marine Corps, after which he served for one year as law clerk to the Honorable Patricia A. Seitz, United States District Judge for the Southern District of Florida. Following his clerkship, Mr. Ravindran served for nearly five years as an Assistant Federal Public Defender in the Southern District of Florida.  Prior to joining Hedin LLP, Mr. Ravindran litigated commercial matters at a prominent Florida law firm.

**Elliot O. Jackson**

Elliot O. Jackson, a member in good standing of the Florida Bar and the New York State Bar, received his Bachelor of Science, *cum laude*, from Fayetteville State University, his Juris Doctor, *cum laude*, from Florida A&M University College of Law, and an L.L.M in fashion law from Fordham University, where he graduated first in his class and received the Judy and Dennis Kenny Award. Prior to joining the firm, Mr. Jackson served for two years as law clerk to the Honorable Mary S. Scriven, United States District Judge for the Middle District of Florida.



**Tyler K. Somes**

      Tyler K. Somes, a member in good standing of the State Bar of Texas and the District of Columbia Bar, received his Bachelor of Arts from The George Washington University and Juris Doctor, *with honors*, from The University of Texas School of Law.  After graduating from law school, Mr. Somes worked at a prominent national law firm for several years, where he litigated complex antitrust, whistleblower, securities, and trade secrets matters.  During a one-year hiatus from his prior firm, Mr. Somes served as law clerk to the Honorable Richard Wesley of the United States Court of Appeals for the Second Circuit.

**Julie E. Holt**

      Prior to joining Hedin LLP, Julie Holt served as an Assistant Federal Public Defender in the Southern District of Florida for eight years.  She is an experienced trial lawyer, having tried approximately 30 jury trials and numerous bench trials. In addition to her trial practice, she also represented clients on direct appeal, filing numerous petitions for writ of certiorari to the Supreme Court and arguing in the Eleventh Circuit Court of Appeals.  She obtained her J.D. from Yale Law School in 2010, and her B.A. in Economics, *summa cum laude*, from Columbia University.

---

### Firm Offices

| **Miami, Florida** | **San Francisco, California** | **Washington, D.C.** |
|---|---|---|
| 1395 Brickell Avenue | 535 Mission Street | 1100 15th Street NW |
| Suite 610 | 14th Floor | Suite 04-108 |
| Miami, FL 33131 | San Francisco, CA 94105 | Washington, D.C. 20005 |

EXHIBIT 2

**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management
**Date:** Thursday, October 24, 2024 at 10:38:35 AM Eastern Daylight Time
**From:** Frank Hedin
**To:** DelGobbo, Bonnie Keane, Arun Ravindran, Griswold, Joel C.
**CC:** jholt@hedinllp.com, Elliot Jackson, earribas@hedinllp.com
**Attachments:** image001.png, image002.png, image003.png, image004.png, image005.png, image006.png

Yes. We will circulate a dial-in.

Frank S. Hedin

**HEDIN** LLP

1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 357-2107
Fax: + 1 (305) 200-8801

---

**From:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Date:** Thursday, October 24, 2024 at 10:34 AM
**To:** Frank Hedin <fhedin@hedinllp.com>, Arun Ravindran <aravindran@hedinllp.com>,
Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** jholt@hedinllp.com <jholt@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** RE: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case
Management

Ok, we can call you this afternoon around 2:30pm CT. Does that work?

---

**From:** Frank Hedin <fhedin@hedinllp.com>
**Sent:** Thursday, October 24, 2024 9:12 AM
**To:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>; Arun Ravindran
<aravindran@hedinllp.com>; Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** jholt@hedinllp.com; Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

No, we're not waiting until Tuesday of next week to meet and confer with you on this. We've been asking
you to meet and confer on this for the past 2 weeks, and you have repeatedly ignored us. We will advise
the court of your refusal to meet and confer in the motion we file today. Thanks.

Frank S. Hedin

**HEDIN** LLP

1395 Brickell Avenue, Suite 610
Miami, Florida 33131

Tel: + 1 (305) 357-2107
Fax: + 1 (305) 200-8801

---

**From:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Date:** Thursday, October 24, 2024 at 10:09 AM
**To:** Frank Hedin <fhedin@hedinllp.com>, Arun Ravindran <aravindran@hedinllp.com>,
Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** jholt@hedinllp.com <jholt@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** RE: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case
Management

Hi Frank,

We just responded to Arun separately. We're happy to set up a call for Tuesday of next week and are
pretty flexible on timing that day if you want to let us know what works for you.

Best,
Bonnie

---

**From:** Frank Hedin <fhedin@hedinllp.com>
**Sent:** Thursday, October 24, 2024 9:07 AM
**To:** Arun Ravindran <aravindran@hedinllp.com>; DelGobbo, Bonnie Keane
<bdelgobbo@bakerlaw.com>; Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** jholt@hedinllp.com; Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Bonnie: We will be filing our motion for interim appointment today. And in the motion we will advise the
court that you have refused to meet and confer with us or provide us with your position on our request
for interim appointment after numerous e-mails and attempted phone calls over the past week+. If your
client is willing to meet and confer with us today before we file, please let us know immediately. Thank
you.

Frank S. Hedin
**HEDIN** LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 357-2107
Fax: + 1 (305) 200-8801

---

**From:** Arun Ravindran <aravindran@hedinllp.com>
**Date:** Monday, October 21, 2024 at 3:13 PM
**To:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>, Griswold, Joel C.
<jcgriswold@bakerlaw.com>

**Cc:** Frank Hedin <fhedin@hedinllp.com>, jholt@hedinllp.com <jholt@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Good Afternoon Bonnie,

Following up on the items below.  We will be filing motions regarding items 2 and 3 on Wednesday and if we are unable to confer before then we will advise the Court that Defendant's position could not be ascertained.

Thanks,

Arun G. Ravindran
**HEDIN**LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

---

**From:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Date:** Wednesday, October 16, 2024 at 12:36 PM
**To:** Arun Ravindran <aravindran@hedinllp.com>, Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>, jholt@hedinllp.com <jholt@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** RE: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Hi Arun,

We are conferring with the client on these issues and will get back to you.

Please confirm we may file Judge Holderman's email as our required mediation report. If you want him to draft something else as the report, you will need to let him know as soon as possible since it is due tomorrow.

Thanks,
Bonnie

---

**From:** Arun Ravindran <aravindran@hedinllp.com>
**Sent:** Tuesday, October 15, 2024 3:56 PM
**To:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>; Griswold, Joel C. <jcgriswold@bakerlaw.com>

**Cc:** Frank Hedin <fhedin@hedinllp.com>; jholt@hedinllp.com; Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Hi Bonnie,

We disagree that the second week of January works.  As we noted in the motion you referenced – our pleadings amendment deadline of 12.22 contemplates deposing Defendants' corporate rep. before the pleading amendment deadline.  If moving the deposition forward towards the originally noticed 11/15 date helps, we are willing to discuss.

At any rate, here are topics for a meet and confer:

1. Deposition scheduling (as described above and in my prior email)
2. Defendants' position on Plaintiffs' forthcoming motion seeking interim appointment as class counsel.
3. Defendants' intent with respect to the *Hoang* matter.  Specifically, Plaintiff wants to discuss whether Defendant intends to dismiss *Hoang* under the first-filed doctrine or to move to transfer *Hoang* to the SDFL.  Alternatively, we'd like to discuss Defendants' position on a motion by Plaintiffs to intervene in the *Hoang* matter and a potential motion by Plaintiffs to dismiss the *Hoang* case on first filed grounds.

I agree, that the issue of initial disclosures is resolved by Defendants' production of initial disclosures, as represented, on October 21, 2024.

Please let me know when we can confer this week.

Thanks,

Arun G. Ravindran
**HEDIN** LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

---

**From:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Date:** Tuesday, October 15, 2024 at 2:59 PM
**To:** Arun Ravindran <aravindran@hedinllp.com>, Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>, jholt@hedinllp.com <jholt@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** RE: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Hi Arun,

Your motion asks that the class cert discovery deadline be moved to Feb. 7, so the second week of January would still work with that date if your motion is granted.

We've also agreed to make our Rule 26(a) disclosures by 10/21, so I think that issue is resolved.

To the extent you have other issue you wanted to discuss, will you please send us a description of the substance of what you are requesting?

Best,
Bonnie

---

**From:** Arun Ravindran <aravindran@hedinllp.com>
**Sent:** Tuesday, October 15, 2024 12:10 PM
**To:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>; Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>; jholt@hedinllp.com; Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Good Afternoon Bonnie,

We cannot take the deposition of the Defendants corporate representatives in the second week of January. This is after the deadline for class certification discovery of 1/7. We would be willing to add deposition scheduling to the meet and confer which we requested yesterday, October 14, 2024 and to work with you on nailing down a date in early December. Please let us know your availability to discuss that and the Hoang-To case this week.

Thanks,

Arun G. Ravindran
**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

---

**From:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Date:** Tuesday, October 15, 2024 at 12:01 PM
**To:** Arun Ravindran <aravindran@hedinllp.com>, Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>, jholt@hedinllp.com <jholt@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** RE: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case

Management

Good morning Arun,

The client is not available for deposition in the December timeframe but could be available the second week of January.

Best,
Bonnie

---

**From:** Arun Ravindran <aravindran@hedinllp.com>
**Sent:** Monday, October 14, 2024 3:22 PM
**To:** Griswold, Joel C. <jcgriswold@bakerlaw.com>; DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>; jholt@hedinllp.com; Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Great. Will mark this motion as unopposed and get on file.

Arun G. Ravindran
**HEDIN** LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

---

**From:** Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Date:** Monday, October 14, 2024 at 4:21 PM
**To:** Arun Ravindran <aravindran@hedinllp.com>, DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>, jholt@hedinllp.com <jholt@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** RE: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Thanks, Arun – yes, we agree to these proposed deadlines.

Thanks,

Joel

**Joel Griswold**
Partner
_____
BakerHostetler
One North Wacker Drive | Suite 3700

Chicago, IL 60606-2859
T +1.312.416.6238

jcgriswold@bakerlaw.com
bakerlaw.com



---

**From:** Arun Ravindran <aravindran@hedinllp.com>
**Sent:** Monday, October 14, 2024 3:08 PM
**To:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>; Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>; jholt@hedinllp.com; Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Good Afternoon Bonnie and Joel,

Please see attached the proposed order on the Motion to Extend Deadlines.  We are under time pressure to file this motion because the pleading amendment deadline falls one week from tomorrow.  As such, we will be filing this this COB today.  Unless we are able to obtain Defendant's position, we note in our Rule 7.3 conference statement that we were unable to ascertain Defendant's position at the time of filing.

Thanks,

Arun G. Ravindran
**HEDIN** LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

---

**From:** Arun Ravindran <aravindran@hedinllp.com>
**Date:** Monday, October 14, 2024 at 9:34 AM
**To:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>, Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>, jholt@hedinllp.com <jholt@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Thank you.  Please advise on Defendant's position regarding the extension.

Arun G. Ravindran
**HEDIN** LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

---

**From:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Date:** Friday, October 11, 2024 at 4:47 PM
**To:** Arun Ravindran <aravindran@hedinllp.com>, Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>, jholt@hedinllp.com <jholt@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** RE: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Hi Arun,

The dates you're proposing below for Plaintiffs' and Defendants' written discovery responses are fine. We'd like until 10/21 for initial disclosures.

We're checking with the client on the other items and will circle back next week.

Best,
Bonnie

---

**From:** Arun Ravindran <aravindran@hedinllp.com>
**Sent:** Thursday, October 10, 2024 5:34 PM
**To:** Griswold, Joel C. <jcgriswold@bakerlaw.com>; DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>; jholt@hedinllp.com; Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

[External Email: Use caution when clicking on links or opening attachments.]

Good Evening Bonnie and Joel,

Plaintiffs served initial discovery requests on September 12, 2024.  Plaintiff also provided its Rule 26(a) initial disclosures on September 12, 2024.  Plaintiff agreed to Defendants' request to pause its obligation to respond to discovery on September 17, 2024 pending the mediation.  As such, I calculate the date for Defendants' discovery responses as

**November 4, 2024**.

Defendants served discovery on October 4, 2024 during the agreed discovery pause.  As set forth in my email of October 5, 2024, Plaintiffs understand their discovery response date to **November 11, 2024**, the Monday after November 9, 2024.

Plaintiff requested on September 12, 2024 that Defendant make its Rule 26 initial disclosures by September 19, 2024.  Defendants did not respond to that request.  Plaintiffs request that Defendant make its initial disclosures by **Monday October 14, 2024**.  If Defendant will not produce its initial disclosures by then, Plaintiffs seek to confer.  I am available all day tomorrow.

With respect to the other dates please advise if Defendants have a different view.

Plaintiff will be seeking to modify the deadline to file an amended complaint by 60 days and all other court ordered deadlines by 30 days to account for the roughly one-month period pending mediation.  Please advise Defendants' position.

Further, Plaintiff will be seeking to re-notice Defendants' corporate representative deposition to occur two weeks from November 15, 2024, on or about December 2, 2024. Please let us know availability so we can coordinate the exact date and time.

Thanks very much,
Arun G. Ravindran
**HEDIN** LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

EXHIBIT 3

**From:** Arun Ravindran  aravindran@hedinllp.com
**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management
**Date:** October 14, 2024 at 16:34
**To:** Griswold, Joel C.  jcgriswold@bakerlaw.com, DelGobbo, Bonnie Keane  bdelgobbo@bakerlaw.com
**Cc:** Frank Hedin  fhedin@hedinllp.com,  jholt@hedinllp.com,  Elliot Jackson  ejackson@hedinllp.com

AR

HI Joel,

What status hearing are you referencing?

Also, are you or Bonnie available to confer on the Hoang To matter pending in NDCA this week?  We're generally available.  Wednesday works well if that works on your side?


Thanks,

Arun G. Ravindran

**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

---

**From:** Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Date:** Monday, October 14, 2024 at 4:27 PM
**To:** Arun Ravindran <aravindran@hedinllp.com>, DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>, jholt@hedinllp.com <jholt@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** RE: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Thanks, Arun.  Do you have any objection to us requesting that we be allowed to attend the Court status hearing remotely?

Thanks,

Joel

**Joel Griswold**
Partner

BakerHostetler
One North Wacker Drive | Suite 3700
Chicago, IL 60606-2859
T +1.312.416.6238

jcgriswold@bakerlaw.com
bakerlaw.com





**From:** Arun Ravindran <aravindran@hedinllp.com>
**Sent:** Monday, October 14, 2024 3:22 PM
**To:** Griswold, Joel C. <jcgriswold@bakerlaw.com>; DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>; jholt@hedinllp.com; Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Great. Will mark this motion as unopposed and get on file.

Arun G. Ravindran

**HEDIN LLP**

1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

---

**From:** Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Date:** Monday, October 14, 2024 at 4:21 PM
**To:** Arun Ravindran <aravindran@hedinllp.com>, DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>, jholt@hedinllp.com <jholt@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** RE: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Thanks, Arun – yes, we agree to these proposed deadlines.

Thanks,

Joel

**Joel Griswold**
Partner
_____

**BakerHostetler**
One North Wacker Drive | Suite 3700
Chicago, IL 60606-2859
T +1.312.416.6238

jcgriswold@bakerlaw.com
bakerlaw.com



EXHIBIT 4

**From:** DelGobbo, Bonnie Keane bdelgobbo@bakerlaw.com   📎
**Subject:** RE: Defendants' Initial Disclosures - Feller et. al., v. Alliance Entertrainment, et. al.
**Date:** October 24, 2024 at 10:04 AM
**To:** Arun Ravindran aravindran@hedinllp.com, Griswold, Joel C. jcgriswold@bakerlaw.com
**Cc:** jholt@hedinllp.com, Frank Hedin fhedin@hedinllp.com, Elliot Jackson ejackson@hedinllp.com

Hi Arun,

Let's get a call on the calendar early next week to discuss the issues you've laid out. We are pretty open on Tuesday, 10/29, so let us know a time that works for you.

Best,
Bonnie

**From:** Arun Ravindran <aravindran@hedinllp.com>
**Sent:** Wednesday, October 23, 2024 2:57 PM
**To:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>; Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** jholt@hedinllp.com; Frank Hedin <fhedin@hedinllp.com>; Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Re: Defendants' Initial Disclosures - Feller et. al., v. Alliance Entertrainment, et. al.

Hello Bonnie,
This email is sent pursuant to L.R. 7.1(a) and sets forth Plaintiffs' efforts to meet and confer on two unresolved discovery issues - setting a date certain for Defendants' corporate representatives' depositions and the substance of Defendants' initial disclosures.

10.10.24 – Plaintiffs' counsel seeks proposed availability for Defendants' 30(b)(6) witnesses and offers December 2, 2024.
10.11.24 – Defendants' counsel advises they were checking with client representatives and would be back in touch
10.15.24 – Defendants' counsel advises Defendants' representatives are unavailable in December and proposes the second week of January
10.15.24 – Plaintiffs' counsel requests to discuss by telephone deposition scheduling, filing the mediators report, and Defendants' position on Plaintiffs' counsels' interim appointment motion
10.15.24 – Defendants counsel requests a summary of topics for a meet and confer telephone call
10.15.24 – Plaintiffs' counsel provides a summary and again asks to set a meet and confer call
10.16.24 – Defendants' counsel advises that counsel is speaking with client representatives and would get back to Plaintiffs' counsel
10.16.24 – Plaintiffs' counsel again asks to speak on the telephone to discuss deposition scheduling and proposes the parties discuss on Friday October 18, 2024 at 3:00 p.m.
10.16.24 -  Defendants' counsel advises that counsel is speaking with client representatives and would get back to Plaintiffs' counsel
10.21.24 – Plaintiffs' counsel writes to follow up on Defendants' positions regarding interim appointment and Plaintiffs' intervention in the later-filed *Hoang To* matter in NDCA and advises that Plaintiffs will be filing motions regarding interim appointment and for intervention on Wednesday 10/23 noting Defendants' position could not be ascertained.
10.21.24 – Plaintiffs' counsel requests to meet and confer telephonically at any time on 10.22.24 regarding Defendants' deficient Rule 26(a) disclosures served on 10.21.24.
10.22.24 – Defendants' counsel advises that counsel is speaking with client representatives and would get back to Plaintiffs' counsel regarding the Rule 26(a) disclosures.

As the above summary shows, Plaintiffs had made repeated attempts to confer on these issues before filing motions.  The judge presiding over this case have made clear that conferral is not a "single email exchange between opposing counsel" (ECF No. 27 at 3) and that discovery disputes should not be brought to the Court until the parties "actually speak to one another (in person or via

telephone or videoconference)[.] . With that in mind, Plaintiffs have made repeated attempts to discuss these matters but have been unsuccessful in trying to get Defendants' counsel on the phone to discuss these outstanding issues. We are making a final attempt to discuss Defendant's Rule 26(a) disclosures and deposition scheduling. Please provide a date and time by which Defendants' will be prepared to have a telephone conversation to resolve these matters. **Please note that if these matters are not resolved by COB October 25, 2024, Plaintiffs will be filing any required motions on Monday October 28, 2024**.

Thanks,

Arun G. Ravindran

HEDIN LLP

1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

---

**From:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Date:** Tuesday, October 22, 2024 at 2:33 PM
**To:** Arun Ravindran <aravindran@hedinllp.com>, Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** jholt@hedinllp.com <jholt@hedinllp.com>, Frank Hedin <fhedin@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** RE: Defendants' Initial Disclosures - Feller et. al., v. Alliance Entertrainment, et. al.

Hi Arun,

We will discuss with the clients and circle back.

Best,
Bonnie

---

**From:** Arun Ravindran <aravindran@hedinllp.com>
**Sent:** Monday, October 21, 2024 10:38 PM
**To:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>; Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** jholt@hedinllp.com; Frank Hedin <fhedin@hedinllp.com>; Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Defendants' Initial Disclosures - Feller et. al., v. Alliance Entertrainment, et. al.

[External Email: Use caution when clicking on links or opening attachments.]

Good Evening Bonnie and Joel,

Plaintiffs write concerning Defendants' initial disclosures served earlier today, October 21, 2024.

Under Fed. R. Civ. P. 26(a)(i) Defendants are obligated to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use

to support its claims or defenses, unless the use would be solely for impeachment[."

Apart from Plaintiffs and certain third-parties listed in Plaintiffs' initial disclosures, Defendants identified "Corporate Representative of Alliance Entertainment, LLC" and "Corporate Representative, of DirectToU, LLC" as the only persons disclosed under R. 26(a)(i).

Defendant did not identify specific individuals, including individuals involved in their websites' functionality (ECF 26 at 4), party or non-party individuals with knowledge of Defendants' disclosures of customers' PII to third parties, or, indeed, any specific individual at all upon whom Defendants will rely to support its defenses.

Defendants' merely naming "corporate representatives" does not satisfy their Rule 26(a) obligations. *See e.g., Rogers v. Bank of Am., N.A.,* No. CIV.A. 13-1333-CM-TJ, 2014 WL 4681031, at *6 (D. Kan. Sept. 19, 2014) ("Accordingly, the Court finds that Defendant's mere identification of individuals not by name but by a generic label that could apply to a number of its employees, such as Defendant's "corporate representative" or "records custodian," is not sufficient to satisfy its initial disclosure obligations under Rule 26(a)(1)(A)(i)."); *Hoffman v. MJC Am., Ltd,* No. 4:18-CV-04169-LLP, 2019 WL 4933526, at *6 (D.S.D. Oct. 7, 2019) ("identification of "agents, employees and representatives of the parties" is wholly insufficient to comply with their obligation under Fed. R. Civ. P. 26(a)(1)(A)(i) to identify individuals likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.").

Fed. R. Civ. P. 37(a) applies to non-compliant Rule 26(a) disclosures and provides as follows:
**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
**(1) *Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
**(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
**(B)** may inform the jury of the party's failure; and
**(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Plaintiffs request to immediately meet and confer on Defendants' deficient Rule 26(a)(i) initial disclosure. Plaintiffs made their initial disclosures on September 12, 2024 and requested on September 12, 2024 that Defendant make its Rule 26 initial disclosures by September 19, 2024. In the interim the parties agreed to mediate. Immediately upon the mediation reaching an impasse, Plaintiffs requested that Defendant make its initial disclosures by Monday October 14, 2024 and agreed to Defendants' request to make their initial disclosures on October 21, 2024. However, Defendants' disclosures do not comply with Rule 26(a) and Plaintiffs are incapable of determining the specific individuals that have knowledge concerning Defendants' defenses.

Plaintiffs' counsel are generally available all day Tuesday October 22, 2024 to confer.

Regards,
Arun G. Ravindran
HEDIN LLP

HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

# EXHIBIT 5

**From:** **Arun Ravindran** aravindran@hedinllp.com  

**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

**Date:** October 15, 2024 at 14:09

  **To:** DelGobbo, Bonnie Keane bdelgobbo@bakerlaw.com, Griswold, Joel C. jcgriswold@bakerlaw.com

  **Cc:** Frank Hedin fhedin@hedinllp.com, jholt@hedinllp.com, Elliot Jackson ejackson@hedinllp.com

Hello Bonnie and Joel,

Further, can we discuss on the meet and confer call the mediators report as well as Defendant's position on our firm seeking interim appointment as class counsel? Thanks,

Arun G. Ravindran

**HEDIN**LLP

1395 Brickell Avenue, Suite 610

Miami, Florida 33131

Tel: + 1 (305) 203-4573

Mob: +1 (321) 537-0029

Fax: + 1 (305) 200-8801

---

**From:** Arun Ravindran <aravindran@hedinllp.com>

**Date:** Tuesday, October 15, 2024 at 1:10 PM

**To:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>, Griswold, Joel C. <jcgriswold@bakerlaw.com>

**Cc:** Frank Hedin <fhedin@hedinllp.com>, jholt@hedinllp.com <jholt@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>

**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Good Afternoon Bonnie,

We cannot take the deposition of the Defendants corporate representatives in the second week of January. This is after the deadline for class certification discovery of 1/7. We would be willing to add deposition scheduling to the meet and confer which we requested yesterday, October 14, 2024 and to work with you on nailing down a date in early December. Please let us know your availability to discuss that and the Hoang-To case this week.

Thanks,

Arun G. Ravindran

**HEDIN**LLP

1395 Brickell Avenue, Suite 610

Miami, Florida 33131

Tel: + 1 (305) 203-4573

Mob: +1 (321) 537-0029

Fax: + 1 (305) 200-8801

# EXHIBIT 6

**From:** DelGobbo, Bonnie Keane bdelgobbo@bakerlaw.com 📎
**Subject:** RE: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management
**Date:** October 16, 2024 at 13:34
**To:** Arun Ravindran aravindran@hedinllp.com, Griswold, Joel C. jcgriswold@bakerlaw.com
**Cc:** Frank Hedin fhedin@hedinllp.com, jholt@hedinllp.com, Elliot Jackson ejackson@hedinllp.com

BD

Here is the draft joint mediation report required by the court's order, which will attach the mediator's report required by local rules. Please add your signature block and then send back for us to file, or you can file after adding your signature block.

We will get back to you on the other issues after we've confirmed our clients' position.

**From:** Arun Ravindran <aravindran@hedinllp.com>
**Sent:** Wednesday, October 16, 2024 12:15 PM
**To:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>; Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>; jholt@hedinllp.com; Elliot Jackson <ejackson@hedinllp.com>
**Subject:** Re: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Hello Bonnie,

No objection to Defendant filing the email.

With respect to deposition timing, can we set a time for a telephonic meet and confer regarding deposition scheduling. Plaintiffs intention is to resolve deposition scheduling this week so that if we need to involve the court we can do so as fast as practicable given the deadlines we are up against. Additionally, there is still the issue of Plaintiffs motion for interim appointment and the *Hoang To* case. I propose Friday at 3:00 p.m. Please let me know if that works and I will circulate a dial in.

Thanks,

Arun G. Ravindran
**HEDIN** LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801

**From:** DelGobbo, Bonnie Keane <bdelgobbo@bakerlaw.com>
**Date:** Wednesday, October 16, 2024 at 12:36 PM
**To:** Arun Ravindran <aravindran@hedinllp.com>, Griswold, Joel C. <jcgriswold@bakerlaw.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>, jholt@hedinllp.com <jholt@hedinllp.com>, Elliot Jackson <ejackson@hedinllp.com>
**Subject:** RE: Feller, et. al. v. Alliance Entertainment, et. al. - Discovery and Case Management

Hi Arun,

EXHIBIT 7

**Friday, October 25, 2024 at 13:14:34 Eastern Daylight Time**

| | |
|---|---|
| **Subject:** | Re: Alliance VPPA litigation - meet and confer |
| **Date:** | Thursday, October 24, 2024 at 6:01:13 PM Eastern Daylight Time |
| **From:** | Frank Hedin |
| **To:** | Adrian Barnes |
| **CC:** | jhammond@hammondlawpc.com, pblandler@hammondlawpc.com, acherniak@hammondlawpc.com, Elliot Jackson, Arun Ravindran, jholt@hedinllp.com, Tyler Somes, pbrandler@hammondlawpc.com |
| **Attachments:** | image001.png, image001.png |

Adrian: We will advise the courts that we exchanged correspondence with you, one of the plaintiff's counsel of record in the *Hoang To* action, to confer on our upcoming motions, and that you advised us that you were not familiar enough with the case to provide a position. Normally we would wait to file these motions until after receiving a substantive response from one of the other counsel of record for your client who knows what's going on in the case, but given recent developments that we recently learned about, we will be filing our motions tomorrow to protect the interests of class members in this litigation.

Incidentally, the email address I used for Ms. Brandler in my e-mails below, which you have now advised me is incorrect, is an e-mail address I copied and pasted from the signature block at the heading of the operative complaint in the *Hoang To* action -- so you may want to consider correcting that. I have added Ms. Brandler's correct e-mail address, provided by you below, to this thread.

Thanks.

Frank

Frank S. Hedin

**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 357-2107
Fax: + 1 (305) 200-8811

**From:** Adrian Barnes <abarnes@hammondlawpc.com>
**Date:** Thursday, October 24, 2024 at 5:38 PM
**To:** Frank Hedin <fhedin@hedinllp.com>
**Cc:** jhammond@hammondlawpc.com <jhammond@hammondlawpc.com>,
pblandler@hammondlawpc.com <pblandler@hammondlawpc.com>,
acherniak@hammondlawpc.com <acherniak@hammondlawpc.com>, Elliot Jackson
<ejackson@hedinllp.com>, Arun Ravindran <aravindran@hedinllp.com>,
jholt@hedinllp.com <jholt@hedinllp.com>, Tyler Somes <tsomes@hedinllp.com>
**Subject:** Re: Alliance VPPA litigation - meet and confer

Frank,

I am, unfortunately, not familiar enough with this case to answer your questions. I cannot consult with my colleagues who are familiar with this case given that they are observing Jewish holidays. If you would like to discuss these issues with my colleagues and to understand my firm's position you will have to wait until Monday.

Adrian

NB. Ms. Brandler's correct email address is pbrandler@hammondlawpc.com

Adrian Barnes
Counsel
HammondLaw, PC
1201 Pacific Avenue
Suite 600
Tacoma, WA 98402
Main: 206-707-9366, 310-807-1666
Direct: 510-316-9926
Facsimile: 310-295-2385

This email message, including any attachments, is from an attorney with HammondLaw, P.C. It is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited.

If you are not the intended recipient, please contact the sender by reply email and immediately destroy all copies of the original message. Thank you.

On Thu, Oct 24, 2024 at 1:55 PM Frank Hedin <fhedin@hedinllp.com> wrote:

> Adrian: since you are also counsel of record on the case, perhaps you could tell me your client's position. Although you neglected to disclose our first-filed *Feller* case as a related matter to the court presiding over your case – in either the civil cover sheet, a notice of related case, or otherwise -- defendants' counsel advised us several weeks ago that they made you aware of our case shortly after you filed your case, that they asked you to dismiss your case in light of our earlier-filed case, and that you refused to do so. You have thus had significant time to consider the issues of whether your case should be dismissed and of which attorneys are best suited to represent the interests of the putative classes. Given this background, and your status as one of plainitff's counsel of record, we intend to file our papers in both cases at noon tomorrow. If we do not have a response from you by then, we will advise the courts that we were unable to obtain your position. Thanks.
>
> Frank S. Hedin
>
> 1395 Brickell Avenue, Suite 610
> Miami, Florida 33131
> Tel: + 1 (305) 357-2107

Fax: + 1 (305) 200-8801

---

**From:** Adrian Barnes <abarnes@hammondlawpc.com>
**Date:** Thursday, October 24, 2024 at 4:34 PM
**To:** Frank Hedin <fhedin@hedinllp.com>
**Cc:** jhammond@hammondlawpc.com <jhammond@hammondlawpc.com>,
pblandler@hammondlawpc.com <pblandler@hammondlawpc.com>,
acherniak@hammondlawpc.com <acherniak@hammondlawpc.com>, Elliot Jackson
<ejackson@hedinllp.com>, Arun Ravindran <aravindran@hedinllp.com>,
jholt@hedinllp.com <jholt@hedinllp.com>
**Subject:** Re: Alliance VPPA litigation - meet and confer

Mr. Hedin,

My colleagues are unavailable today and tomorrow, and cannot be reached, due to
their observance of religious holidays. The first opportunity they will have to respond
to your email will be on Monday,

Best,

Adrian Barnes
Counsel
HammondLaw, PC
1201 Pacific Avenue
Suite 600
Tacoma, WA 98402
Main: 206-707-9366, 310-807-1666
Direct: 510-316-9926
Facsimile: 310-295-2385

This email message, including any attachments, is from an attorney with HammondLaw, P.C.  It is for
the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any
unauthorized review, use, disclosure or distribution is prohibited.

If you are not the intended recipient, please contact the sender by reply email and immediately destroy
all copies of the original message.  Thank you.

On Thu, Oct 24, 2024 at 12:58 PM Frank Hedin <fhedin@hedinllp.com> wrote:

> Counsel:
> We represent the plaintiffs and putative classes in *Feller et al. v. Alliance
> Entertainment, LLC et al.,* case no. Case No. 0:24-cv-61444, pending in the Southern
> District of Florida; a copy of the complaint in the *Feller* case is attached. We

understand you represent a plaintiff in a duplicative, later-filed VPPA case in N.D. Cal., against one of the two defendants named in our case.  We intend to file a motion for interim appointment of class counsel in our first-filed case, as well as a motion to intervene and to stay or dismiss your case in N.D. Cal.  I tried reaching you by phone earlier today but was unable to reach you.  Please let us know by noon tomorrow if you will consent to the relief sought in these motions or if you will oppose.  Happy to answer any questions you may have about our forthcoming motions.
Thanks.

Frank S. Hedin
**HEDIN** LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 357-2107
Fax: + 1 (305) 200-8801